## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY ONNEN, | : | |
| *Plaintiff,* | : | CIVIL ACTION NO._____ |
| | : | |
| v. | : | |
| | : | |
| R. H. SHEPPARD CO., INC., | : | |
| *Defendant.* | : | |
| | : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

### I.    PRELIMINARY STATEMENT

1.      This is an action for an award of damages, attorneys' fees and other relief granted on behalf of Plaintiff Timothy Onnen ("Plaintiff Onnen"), a former employee of Defendant, R. H. Sheppard Co., Inc., ("Defendant"), who has been harmed by the Defendant's unlawful, discriminatory, and retaliatory employment practices.

2.      This action arises under 42 U.S.C. §1981 ("§1981").

### II.    JURISDICTION AND VENUE

3.      The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and the claims are substantively based on §1981.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.      All conditions precedent to the institution of this suit have been fulfilled.

6.      Plaintiff Onnen has satisfied all other jurisdictional prerequisites to the maintenance of this action.

1

**III.   PARTIES**

7.      Plaintiff Timothy Onnen is a thirty-seven (37) year old African American male citizen of the Commonwealth of Pennsylvania, residing therein at 2408 Guilford Street, Lebanon, PA 17046.

8.      Defendant R. H. Sheppard Co., Inc. ("Defendant") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 101 Philadelphia Street, Hanover, PA 17331.

9.      At all times relevant hereto, Defendant acted through its agents, servants, and employees who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10.     At all times material herein, the Defendant has been a "person" and "employer" as defined under, and has been, and is, subject to the provisions of §1981.

**IV.   STATEMENT OF FACTS**

11.     Plaintiff Onnen, a thirty-seven (37) year old African American individual, was employed by the Defendant from in or about 2018, until December 4, 2020, the date of his unlawful termination.

12.     Upon commencing employment with the Defendant, Plaintiff Onnen served as a General Assembler. As a result of his stellar work performance, on or about January 1, 2019, the Defendant promoted Plaintiff Onnen to the position of Line Leader. At all times relevant hereto, Plaintiff Onnen performed his job functions in a dutiful and competent manner.

13.     As a Line Leader, Plaintiff Onnen reported directly to Richard Bowers ("Bowers"), Supervisor, a Caucasian individual.

14. On or about July 1, 2019, the Defendant, through its agents, servants, and employees, began to subject Plaintiff Onnen to a hostile work environment through severe and pervasive acts of racial discrimination.

15. By way of example, on or about July 1, 2019, while speaking with Plaintiff Onnen, Joyce Atland ("Atland"), Inventory Consultant, and Jasmine McLane ("McLane"), General Assembler, both Caucasian individuals, referred to Defendant's previous Line Leader, Klaus Brown ("Brown"), as a "nigger" because he was allegedly "lazy" and an "asshole."

16. By way of further example, in or about August 2019, Shane Richardson ("Richardson"), General Assembler, and Stan Wolfe ("Wolfe"), Tester, both Caucasian individuals, referred to Brown as a "nigger" in front of Plaintiff Onnen.

17. Additionally, Wolfe repeatedly told Plaintiff Onnen and other coworkers about his involvement with the Ku Klux Klan, stating that he and his family members would dress as Ku Klux Klan members.

18. In opposition to the aforementioned acts of racial discrimination, Plaintiff Onnen repeatedly registered complaints of racial discrimination with Bowers and informed him of each discriminatory event. However, Bowers failed to take any corrective action in response to Plaintiff Onnen's numerous complaints of race discrimination.

19. Due to the Defendant's failure to correct its hostile work environment, the Defendant, through its agents, servants, and employees, continued to subject Plaintiff Onnen to repeated acts of racial discrimination.

20. By way of example, in or about August of 2019, Bowers began to describe his daughter's previous African American boyfriends to Plaintiff Onnen as "nigger[s]."

21.    In protest against Bowers's use of a racial epithet, Plaintiff Onnen explained to Bowers that it wrong for him to use the word "nigger" and that Bower's usage of said word offended him. In response, Bowers attempted to justify his usage of the word "nigger" by telling Plaintiff Onnen that there are "White Niggers" too.

22.    By way of further example, McLane, Atland, and Wolfe began to call Plaintiff Onnen a "nigger" and undermine Plaintiff Onnen's authority as their line leader.

23.    In response thereto, Plaintiff Onnen continually reported McLane, Atland, and Wolfe's said acts of race discrimination to Bowers.

24.    On or about December 5, 2019, McLane and Richardson refused to follow Plaintiff Onnen's directions about a work project.

25.    Later that day, Atland informed Plaintiff Onnen that McLane had earlier commented that she wanted to knock Plaintiff Onnen's teeth out, referred to Plaintiff as a "nigger" and stated "aint no nigger gonna tell me what to do" in reference to her refusal to follow Plaintiff Onnen's instructions.

26.    That next day, Plaintiff Onnen made a complaint of race discrimination with Bowers and Thomas Senseney Sr., ("Senseney"), Value Stream Leader, and informed them about McLane and Richard's aforementioned conduct and statements made on December 5, 2019.

27.    As further race discrimination, in or about February of 2020, McLane began to call Plaintiff Onnen a "nigger" directly to his face and describe Plaintiff Onnen as a "nigger" to the Defendant's other employees.

28.    In response thereto, Plaintiff Onnen registered a complaint of race discrimination with Tina Stambaugh ("Stambaugh"), Human Resources Representative and reported McLane's aforementioned acts of racial discrimination against him.

29.    A week later, Plaintiff Onnen registered another complaint of race discrimination with the Defendant's office of human resources and reported all of the aforementioned acts of race discrimination that he was subjected to at the Defendant.

30.    Despite Plaintiff Onnen's numerous complaints of race discrimination, the Defendant continued to subject him to repeated acts of race discrimination.

31.    By way of example, beginning in April of 2020, Bowers referred to Black Lives Matters protesters as "nigger[s]."

32.    During that same time, Richardson and Wolfe began to mumble the word "nigger" whenever Plaintiff Onnen came near them.

33.    On or about June 25, 2020, after Plaintiff Onnen reported to Bowers that Wolfe had been acting rude and unprofessionally towards him, Bowers responded that Wolfe was a "White Nigger."

34.    Significantly, Bower's continued use of racial epithets caused Plaintiff Onnen to experience a debilitating panic attack as he left Bower's office.

35.    Later that day, Plaintiff Onnen made another complainant of race discrimination with Bowers in which he again reported all of the aforementioned acts of race discrimination that he had been subjected to at the Defendant, including Bowers's own racially offensive conduct.

36.    That next day, Plaintiff Onnen registered a complaint of race discrimination with Stambaugh and demanded that Defendant finally correct its racially hostile work environment.

37.    When Plaintiff Onnen arrived to work on July 8, 2020, he heard his coworkers express that their anger about Plaintiff Onnen's complaint of race discrimination against Bowers.

38.    Later that day, Plaintiff Onnen met with Stambaugh and again informed her of all of the aforementioned events of race discrimination that he faced at the Defendant.

39.    As Plaintiff Onnen left the Defendant that day, he discovered that someone slashed his tires and reported this incident to the Hannover police.

40.    That next day, Plaintiff Onnen reported his slashed tires to the Defendant's office of human resources.

41.    Upon information and belief and based off video evidence obtained by the Hannover police, Plaintiff Onnen's tires were slashed by Atland and one of the Defendant's former employees, Tori (last name unknown)("Tori") in retaliation against Plaintiff Onnen for registering a complaint of race discrimination.

42.    Thereafter, Plaintiff Onnen reported the aforementioned race discrimination that he faced at the Defendant to its Corporate Manager, Bart (last name unknown)("Bart"), who dismissed Plaintiff Onnen's concerns.

43.    On or about December 4, 2020, Defendant abruptly terminated Complainant's employment.

44.    Plaintiff Onnen believes and avers that Defendant actually terminated his employment based on his race (African American) and/or because of his opposition to unlawful race discrimination in the workplace.

## COUNT I
### (42 U.S.C. § 1981 – Race Discrimination, Hostile Work Environment)
### Plaintiff Onnen v. the Defendant

45.     Plaintiff Onnen incorporates by references paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

46.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Onnen to discrimination and a hostile work environment on the basis of his race constituted a violation of 42 U.S.C. § 1981.

47.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, as aforesaid, Plaintiff Onnen sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

48.     As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, Plaintiff Onnen suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (42 U.S.C. § 1981 – Retaliation, Hostile Work Environment)
### Plaintiff Onnen v. the Defendant

49.     Plaintiff Onnen incorporates by references paragraphs 1 through 48 of this Complaint as though fully set forth at length herein.

50.     The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Onnen for opposing unlawful race discrimination in the workplace, including a retaliatory hostile work environment constituted a violation of 42 U.S.C. § 1981.

51. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, as aforesaid, Plaintiff Onnen sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

52. As a further direct result of the aforesaid retaliatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, Plaintiff Onnen suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**WHEREFORE,** Plaintiff Onnen requests that this Court enter judgment in his favor against the Defendant and Order that:

a. Defendant compensate Plaintiff Onnen for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Onnen with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Onnen punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Onnen pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Onnen demands a trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:    /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Ste. 515
Philadelphia, PA 19103
Attorney for Plaintiff

DATED:  June 28, 2023

9

**<u>VERIFICATION</u>**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE: Jun 12, 2023

Timothy Onnen (Jun 12, 2023 10:27 EDT)

TIMOTHY ONNEN, PLAINTIFF